10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN — SOUTHERN DIVISION

Gregory Charles Jones,
Plaintiff,

v.

Wayne County,
Wayne County Department of Health, Human & Veteran Services (CPS Division),
Wayne County Prosecutor's Office,
Wayne County Sheriff's Office
Wayne County Court Administration (ADA Office),
Unknown CPS Investigators and Supervisors,
Unknown Prosecutors,
Unknown Wayne County Sheriff's Deputies,
Unknown Court ADA Coordinators,
Defendants.

Case No.: _____
Hon.: _____

Case: 2:25-cv-14032
Assigned To : Grey, Jonathan J.C.
Referral Judge: Patti, Anthony P.
Assign. Date : 12/15/2025
JONES V. WAYNE COUNTY, et al., (CMP)(CMC)

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

42 U.S.C. § 1983 — Equal Protection Clause
42 U.S.C. § 2000d — Title VI (Race Discrimination)
ADA Title II
Section 504 Rehabilitation Act
Monell Liability

I. INTRODUCTION

1. Plaintiff Gregory Charles Jones, a Black father and United States veteran, brings this action to remedy a longstanding pattern of racial discrimination, constitutional violations, failure to investigate child abuse, retaliatory treatment, and denial of access to government services perpetrated by Wayne County and its agencies.

2. For years, Wayne County agencies—including CPS, the Prosecutor's Office, Court Administration, and the Sheriff's Office—treated Plaintiff differently because of his race, dismissing him as a credible reporter of child abuse and consistently favoring white individuals who harmed his children.

3. Wayne County systematically:

Ignored and dismissed 22 child-abuse reports, including strangulation

Refused to investigate violent offenses against Plaintiff's children

Treated white abusers as credible while treating Plaintiff as a threat

Denied Plaintiff ADA accommodations required by law

Retaliated against Plaintiff for seeking legal protection for his children

Interfered with his ability to access the courts

Facilitated racially discriminatory treatment across multiple county departments

4. Plaintiff seeks monetary damages, injunctive relief, and declaratory judgments to stop further harm and to hold Wayne County accountable for systemic discrimination and constitutional violations.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

6. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391 because all relevant events occurred in this district.

## III. PARTIES
Plaintiff

7. Plaintiff Gregory Charles Jones resides in Oakland County, Michigan, and is the father of three children: Jameel, Maryam, and Bilal.

Defendants

8. Wayne County is liable for policy decisions and practices affecting CPS, the Prosecutor's Office, Court Administration, and the Sheriff's Office.

9. Wayne County CPS receives federal funding and is responsible for child-abuse investigations.

10. Wayne County Prosecutor's Office receives federal funding and is responsible for criminal charging decisions.

11. Wayne County Sheriff's Office is responsible for county enforcement actions.

12. Wayne County Court Administration (ADA Office) is responsible for ensuring equal access to the courts.

13. Unknown CPS workers, prosecutors, sheriff's deputies, and ADA officials acted under color of law and will be identified during discovery.

## IV. FACTUAL ALLEGATIONS
A. CPS Racial Discrimination & Failure to Investigate Abuse

14. Plaintiff made 22 documented reports of child abuse, including:

The strangulation of Bilal Jones

Abuse and endangerment of Maryam Jones

Harm caused by Douglas McClain

Abuse reported involving Dr. Sabai

15. CPS refused to act, improperly marked cases as "unfounded," or falsely claimed lack of jurisdiction.

16. A CPS referee later admitted that all 22 reports were dismissed without proper investigation, revealing a racially discriminatory pattern.

17. Wayne County CPS treated white perpetrators as credible while treating Plaintiff, a Black father, as the problem.

18. CPS's conduct violated Plaintiff's and his children's rights to equal protection and nondiscriminatory child-protection services.

B. Prosecutorial Discrimination

19. The Wayne County Prosecutor's Office refused to prosecute confirmed abuse—including the criminal strangulation of a minor child.

20. Instead, the Prosecutor's Office repeatedly treated Plaintiff with suspicion despite no evidence of wrongdoing.

21. These actions demonstrate disparate racial treatment and denial of equal protection.

C. ADA Discrimination by Court Administration

22. Plaintiff has documented disabilities: PTSD, anxiety disorder, heart disease, immune compromise, and cancer.

23. Despite these conditions, Wayne County Court Administration and ADA staff refused to provide:

Remote appearance accommodations

Anxiety-related accommodations

Disability-based scheduling adjustments

24. White litigants routinely received these accommodations; Plaintiff did not.

25. This constitutes racial discrimination and disability discrimination in violation of federal law.

D. Discriminatory Enforcement and Seizure by Wayne County Sheriff's Office

26. Wayne County deputies unlawfully entered Plaintiff's Oakland County residence without a warrant and seized all of his children—including one not covered by any court order.

27. Plaintiff was treated with hostility consistent with racial bias.

28. White parents do not experience similar treatment when reporting child abuse in Wayne County.

E. Wayne County's Monell Policy of Racial Discrimination

29. Wayne County has established customs and policies including:

Disbelieving Black fathers who report abuse

Protecting white abusers

Marking Black parents' CPS reports as "unfounded" by default

Denying ADA accommodations to disabled Black litigants

Treating Black fathers as threats without evidence

Coordinated actions preventing protective parents from safeguarding their children

30. These policies caused Plaintiff's injuries.

V. CLAIMS FOR RELIEF
COUNT I — Equal Protection Violation (42 U.S.C. § 1983)

Racial Discrimination

31. Defendants treated Plaintiff differently than similarly situated white parents due to race.

32. Defendants denied Plaintiff equal protection under the Fourteenth Amendment.

COUNT II — Title VI (42 U.S.C. § 2000d)

Racial Discrimination by Federally Funded Agencies

33. CPS, the Prosecutor's Office, and Court Administration receive federal funds.

34. These agencies discriminated against Plaintiff in violation of Title VI.

COUNT III — ADA Title II (42 U.S.C. § 12131)

Denial of Access and Accommodations

35. Plaintiff is a qualified individual with disabilities.

36. Wayne County denied federally required accommodations due to disability and race.

COUNT IV — Rehabilitation Act § 504

37. Defendants denied Plaintiff access to programs receiving federal funding on the basis of disability.

COUNT V — Monell Liability (Wayne County)

Unconstitutional Policies and Customs

38. The discriminatory acts were not isolated—they were caused by Wayne County's systemic policies and customs of discrimination, failure to train, and deliberate indifference.

VI. DAMAGES

39. As a direct and proximate result of Defendants' actions, Plaintiff suffered:

Severe emotional trauma

Racial humiliation

Harm to his children

Loss of constitutional rights

Physical injury and medical deterioration

Wrongful detention

Denial of equal access to courts and services

Long-term reputational and family harm

40. Wayne County's discrimination was systemic, intentional, and executed through multiple agencies.

41. Defendants acted with reckless disregard for Plaintiff's rights and for the safety of his children.

42. Accordingly, Plaintiff seeks $1,000,000,000 (ONE BILLION DOLLARS) in combined compensatory and punitive damages, jointly and severally, against Wayne County and its agencies.

VII. DECLARATORY & INJUNCTIVE RELIEF REQUESTED

Plaintiff requests:

1. A declaration that Defendants violated Plaintiff's constitutional and federal statutory rights.

2. An injunction requiring CPS to properly investigate abuse.

3. An injunction prohibiting racial discrimination in child-protection matters.

4. An injunction requiring ADA compliance in all future proceedings.

5. Monitoring and remedial orders as necessary to ensure equal protection.

VIII. JURY DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

IX. SIGNATURE

Respectfully submitted,

Gregory Charles Jones
498 Bird Avenue
Birmingham, MI 48009
Plaintiff, Pro Se
December 7, 2025

🖹 FEDERAL CIVIL COVER SHEET (JS-44)

UNITED STATES DISTRICT COURT — EASTERN DISTRICT OF MICHIGAN

I. PLAINTIFFS

Gregory Charles Jones
498 Bird Avenue
Birmingham, MI 48009

DEFENDANTS

Wayne County
Wayne County Department of Health, Human & Veteran Services (CPS Division)
Wayne County Prosecutor's Office
Wayne County Sheriff's Office
Wayne County Court Administration (ADA Office)
Unknown CPS Investigators and Supervisors
Unknown Prosecutors
Unknown Sheriff's Deputies
Unknown Court ADA Coordinators

II. BASIS OF JURISDICTION (Check One)

☒ 1. Federal Question (U.S. Government is NOT a party)
☐ 2. U.S. Government Plaintiff
☐ 3. U.S. Government Defendant
☐ 4. Diversity

Reason: Claims arise under 42 U.S.C. §1983, Title VI, ADA Title II, §504
Rehabilitation Act, and Monell liability.

III. CITIZENSHIP OF PRINCIPAL PARTIES (ONLY for Diversity Cases)

Not Applicable — Federal Question Case

Plaintiff: ☐1 Defendant: ☐1
(Leave section blank)

IV. NATURE OF SUIT (Check ONE box only)
Civil Rights

☒ 440 — Civil Rights: Other
☒ 442 — Employment / ADA / Discrimination (ADA Title II applies)
☒ 445 — Americans with Disabilities Act — Other
☒ 448 — Education / Title VI (Race Discrimination)
☒ 550 — Civil Rights / Conditions of Confinement (Illegal seizure by Sheriff)

You may check more than one if filing electronically; if on paper, check the
primary:

Primary Nature of Suit: ☒ 440 Civil Rights: Other

V. ORIGIN

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District
☐ 6. Multidistrict Litigation
☐ 8. Multidistrict Appeals

VI. CAUSE OF ACTION
Cite U.S. Civil Statute Under Which You Are Filing:

42 U.S.C. § 1983; 42 U.S.C. §2000d (Title VI); 42 U.S.C. §12131 (ADA Title II);
Section 504 Rehabilitation Act; Monell v. Dep't of Social Services.

Brief Description of Cause:

Plaintiff alleges systemic race discrimination, ADA violations, failure to
investigate child abuse, denial of accommodations, unconstitutional seizure of
children, and discriminatory treatment by multiple Wayne County agencies pursuant to
unconstitutional customs and policies.

VII. REQUESTED IN COMPLAINT

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23
(You may check this if you intend systemic relief, but it is optional)
If you do not want class action, leave unchecked.

Monetary Damages:

☒ YES – Amount Requested: $1,000,000,000

Injunctive Relief:

☒ YES – Declaratory & Injunctive relief requested

Jury Demand:

☒ YES

VIII. RELATED CASE(S) IF ANY

If you have other federal cases pending:
Write docket numbers here.
If none:

None.

IX. SIGNATURE OF ATTORNEY OF RECORD / PRO SE PLAINTIFF

Gregory Charles Jones
Plaintiff, Pro Se
Date: December 10, 2025

FROM: Gregory Jones   (313) 575-8847
498 Bird Ave
BIRMINGHAM MI 48009

To U.S. District Court
Eastern District of Michigan
231 W LAFAYETTE BLVD
RM 814
DETROIT MI 48226
(989) 999-9999

SHIP DATE: 11DEC25
ACT WGT: 6.50 LB
CAD: 6570245/ROSA2670
DIMMED: 15 X 10 X 2 IN

FedEx
Ground
G

(US)

48226

5 of 7
MPS# 8869 7993 1775
Mstr# 8869 7993 1781

9622 0019 0 (000 448 0848) 0 00 8869 7993 1775

RECEIVED
DEC 15 2025
CLERKS OFFICE
DETROIT

317-6571
RM 814
231 W LAFAYETTE BLVD
EASTERN DISTRICT OF MICHIGAN
DETROIT MI

Handle with Care / Fragile